Lane, C. J.
This bill is filed by a judgment creditor of Doster, to discover his effects, from which the complainant may obtain satisfaction of his judgment.
To this bill, the defendants demur.
The right of a judgment creditor, seeking satisfaction, to demand, generally, from bis debtor, a disclosure of his assets and the names of his debtors, without more minute specification, is maintained by this court in another case, decided at the present term-Miers et al. v. Zanesville and Maysville Road Company. The complainant is therefore entitled to a full answer from Doster.
*255 The bill states, amongst other effects of Doster, which it pursues, that be, together with one Cassell, held an equitable leasehold interest in certain lands and hydraulic power from the state; that, in truth, it belongs wholly to Doster. That the Granville Alexandrian Society set up some interest by way of mortgage, which interest or claim arose out of illegal banking operations. That all their interest, claim, or lien on the premises, were given by Doster on account of notes illegally issued, and intended to circulate as money, in violation of the law, and void. The Granville Alexandrian Society is therefore required to disclose what property it has received from Doster, and release its interest. The society demurs to this ^disclosure, on the ground that it may subject it to forfeiture, or its officers to-penalties.
It is conceded, that where a forfeiture or penalties may ensue from the answers to a bill, the defendant is not bound to make it. But the complainant insists, that a demurrer, which covers too much, can not be sustained for any part; and that here, although the society may justly decline answers touching the consideration of the mortgage, they ought to disclose the amount of property transferred, and the extent of their claim to it.
The proper rule of practice, in this respect, is not contested, and we are called upon to decide if this is a case for its application. If this bill had been framed in the alternative, demanding of the defendant what property they derived from Doster, charging that it was under an illegal and void agreement, and asking that it might be set aside, or that, if it should be held valid, the residuary interest of Doster might be subjected to his debt, it would afford an example which the defendant would be protected in withholding a disclosure to a part of the bill, while he would be bound to answer the remainder.
But the mind of the pleader did not embrace such an alternative. He assumed the whole dealings between Doster and the society were illegal, and sought to set the whole aside, without making a statement broad enough to cover a case in which the validity of the mortgage to them could be maintained.
We think his antagonist was warranted in believing that he intended to prefer his claim under no aspect, except on this hypothesis, and is justified in withholding his answer.
Demurrer sustained.